IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TYLER ARLAN WEIS, <br><br> Defendant. | Case No. 3:17-cr-00075-TMB-1 <br><br> **ORDER ON MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DKT. 54)** |

## I. INTRODUCTION

The matter comes before the Court on Defendant Tyler Arlan Weis' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Motion").[1] Weis claims his Sixth Amendment right to the effective assistance of counsel was violated where trial counsel failed to have an expert evaluate his risk of recidivating or escalating from non-contact sexual offenses to contact offenses.[2] Weis requests that the Court vacate his existing sentence and permit him to present the results of a psycho-sexual evaluation at resentencing.[3] The United States opposes the Motion.[4] Weis requested that the Court set a hearing on the Motion, but provided no argument on why such a hearing was necessary in this case.[5] Accordingly, the Court finds that oral argument

---

[1] Dkts. 54 (Motion); 71 (Amended Motion to Vacate).

[2] Dkt. 74 at 5 (Memorandum in Support).

[3] Dkt. 71 at 2.

[4] Dkt. 76 (Response).

[5] Dkt. 74 at 12.

1

would not be helpful and the matter is ripe for resolution.[6] For the reasons stated below, the Motion is **DENIED**.

## II. BACKGROUND

Weis pleaded guilty to one count of Sexual Exploitation of a Child—Receipt of Child Pornography, a violation of 18 U.S.C. §2252(a)(2) and (b)(1).[7] Pursuant to his plea agreement, Weis admitted to using a file-sharing program to search for and download child pornography through the Internet.[8] Investigators also found surreptitious videos of minor females undressed and showering in Weis' guest bathroom that Weis captured by hidden camera.[9] Weis' offense level was determined to be 39 with a criminal history category of I.[10] The resulting guideline sentence was 240 months of imprisonment, followed by 5 years to life on supervised release, a $5,000 assessment pursuant to the Juvenile Victims of Trafficking Act, and a mandatory $100 special assessment.[11]

On May 7, 2018, the Court sentenced Weis to a 144-month term of imprisonment followed by a lifetime of supervised release, a $5,000 assessment pursuant to the Juvenile Victims of

---

[6] Dkts. 54; 71; 74; 76; 78 (Reply).

[7] Dkt. 28 (Minute Entry).

[8] Dkt. 27 at 5 (Amended Plea Agreement).

[9] *Id.* at 6.

[10] Dkt. 31 at 1 (Presentence Report). Despite the creation of the surreptitious videos, Weis was not convicted of a production offense. Nevertheless, the conduct was considered as relevant conduct during sentencing. *See* Dkt. 67 at 35–36 (IOS Transcript).

[11] Dkt. 27 at 7. While the actual guideline range was 262 months to 327 months, the statutorily authorized maximum sentence for the offense—20 years—was less than the minimum of the applicable guideline range. Therefore, the guideline term of imprisonment was calculated as 240 months. *See* 18 U.S.C. §2252(a)(2) and 18 U.S.C. § 3559(a).

2

Trafficking Act, and the $100 mandatory special assessment.[12] Before imposing the sentence, the Court identified the factors under 18 U.S.C. § 3553(a) that were most pressing in Weis' case.[13] Specifically, the Court highlighted the need to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed treatment.[14]

While discussing the seriousness of Weis' offense, the Court noted that recidivism and escalation are often concerns when imposing a sentence in child pornography cases.[15] The Court found that the facts surrounding Weis' offense showed signs of escalating behavior from merely viewing images obtained from the Internet to creating surreptitious videos of minors in his own home.[16] In light of the identified factors, the Court determined the 144-month term of imprisonment followed by a lifetime of supervised release was appropriate in Weis' case.[17] Weis did not file for a direct appeal of his sentence.[18]

---

[12] Dkt. 42 (Minute Entry).

[13] Dkt. 67 at 35–40 (Transcript).

[14] *Id.*

[15] *Id.* at 36.

[16] *Id.* ("[O]ne of the things . . . I always try to look at in the child porn cases are, is there any indication, is there any likelihood that somebody might act out on their propensity to want to view these. Are they going to take the next step and try to actually engage with children? I think the videos are, you know, for him, an unfortunate escalation of not just viewing and downloading child pornography on the Internet, but making it, himself. And so close to home and with, you know, friends of his children, it's deeply, deeply concerning.").

[17] *Id.* at 40.

[18] Weis' plea agreement contained an appeal and collateral attack waiver with the standard exceptions for ineffective assistance of counsel claims and claims attacking the voluntariness of the plea. Dkt. 27 at 16–18.

Now, Weis claims that his Sixth Amendment right to the effective assistance of counsel was violated where trial counsel failed to have an expert evaluate his risk of escalating from non-contact offense to contact offenses.[19] Specifically, Weis argues psycho-sexual evaluations are relevant to determining a defendant's likelihood to reoffend or escalate to "hands-on" offenses—a factor that was considered by the Court during sentencing.[20] Thus, Weis contends, by failing to present expert testimony to contradict the Court's determination that Weis' escalating behavior was cause for concern, trial counsel's performance was prejudicially deficient.[21]

The United States opposes Weis' Motion.[22] The United States argues that trial counsel's performance was not deficient under the Sixth Amendment. Rather, trial counsel "drew a reasonable line as to what further investigation was likely to be beneficial to Weis at sentencing."[23] The United States characterizes trial counsel's decision not to seek a psycho-sexual evaluation as "a strategic choice" that cannot be challenged.[24] Furthermore, the United States contends that Weis has failed to show that not having a psycho-sexual evaluation at sentencing prejudiced him at sentencing.[25]

---

[19] Dkt. 74 at 5.

[20] *Id.* at 10.

[21] *Id.* at 12.

[22] Dkt. 76.

[23] *Id.* at 9.

[24] *Id.*

[25] *Id.* at 10–12.

4

## III. LEGAL STANDARD

A. *Relief Pursuant to 28 U.S.C. § 2255*

Pursuant to 28 U.S.C. § 2255, a district court may "vacate, set aside, or correct" a sentence of a federal prisoner that was imposed in violation of the Constitution or a law of the United States. On a motion for relief under 28 U.S.C. § 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."[26] If the Court determines that relief is warranted, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[27]

B. *Ineffective Assistance of Counsel*

The Sixth Amendment right to counsel in a criminal trial includes "the right to the effective assistance of counsel."[28] This right extends to "all critical stages of the criminal process," including sentencing.[29] A defendant asserting a claim of ineffective assistance of counsel must satisfy the two-element test defined in *Strickland v. Washington*.[30] Under that test, a defendant must show that (1) counsel's performance was deficient, *i.e.*, "fell below 'an objective

---

[26] 28 U.S.C. § 2255(b).

[27] *Id.*

[28] *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970).

[29] *Iowa v. Tovar,* 541 U.S. 77, 80–81 (2004); *Glover v. United States,* 531 U.S. 198, 202–04 (2001).

[30] 466 U.S. 668 (1984).

5

standard of reasonableness;'"[31] and (2) that the deficiency was prejudicial to the defense, *i.e.*, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[32]

In addressing the first element, deficient performance, judicial scrutiny of an attorney's performance, especially in hindsight, is highly deferential.[33] Attorney conduct should be evaluated from the attorney's perspective at the time of the representation.[34] Generally, an attorney's performance is strongly presumed to fall within the wide range of reasonably professional, competent assistance.[35] "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant."[36]

The second element, prejudice, "focuses on the question whether counsel's deficient performance renders the result of . . . the proceeding fundamentally unfair."[37] A reasonable probability that the results of the proceeding would have been different is "a probability sufficient to undermine confidence in the outcome."[38] A defendant must make a greater showing than simply

---

[31] *Strickland*, 466 U.S. at 688.

[32] *Id.* at 694. *See also United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988).

[33] *Strickland*, 466 U.S. at 689.

[34] *Id.*

[35] *Id.*

[36] *Id.* at 691.

[37] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citing *Strickland*, 466 U.S. at 687).

[38] *Strickland*, 466 U.S. at 694.

6

asserting an error that could theoretically have some effect on the outcome of the proceeding, but, a showing by a preponderance of the evidence is not required by *Strickland*.[39]

Thus, a defendant must prove both deficient performance and consequent prejudice to succeed in establishing ineffective assistance.[40] The court may evaluate one or both elements in determining whether to grant a defendant's § 2255 motion on these grounds.[41] For example, the court need not inquire whether an attorney's performance was deficient if such alleged deficiency could not have resulted in prejudice under *Strickland*.[42]

## IV. DISCUSSION

Here, the Court need not address whether trial counsel's failure to secure a psycho-sexual evaluation was deficient performance because Weis has failed to satisfy the prejudice element of *Strickland*—*i.e.* that that the results of the proceeding would have been different had an evaluation been conducted.[43] Weis does not contend that the psycho-sexual evaluation would have been favorable to his defense. Weis only argues that an evaluation would provide relevant information to the Court regarding Weis' risk of recidivism, risk of escalation, and need for treatment.[44] Weis speculates that "[h]ad an expert testified that [Weis] did not demonstrate a progression to 'hands

---

[39] *Duncan v. Ornoski*, 528 F.3d 1222, 1246 (9th Cir. 2008).

[40] *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) ("[P]etitioner bears the burden of establishing both.").

[41] *Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir. 2002) (citing *Strickland*, 466 U.S. at 697).

[42] *Id.*

[43] *Strickland*, 466 U.S. at 694

[44] Dkt. 74 at 9–12.

7

on' offending the outcome most likely would be different."[45] However, Weis provides no evidence that an evaluation would have yielded such a favorable opinion.

Instead, Weis argues that he should not be required to disclose the results of any psycho-sexual evaluation in support of his current Motion.[46] Weis contends that the results of such an evaluation would be confidential, whether at sentencing or on collateral attack.[47] However, Weis misconstrues the burden of proof in this matter. In order to be entitled to relief under § 2255, Weis must demonstrate by a reasonable probability that absent trial counsel's error, the results of the proceeding would have been different.[48] He must go further than pointing to an error that could theoretically have some effect on the outcome of the proceeding.[49] "Speculation about what an expert could have said is not enough to establish prejudice."[50] Weis Motion rests on speculation and the theoretical possibility that had a psycho-sexual evaluation been conducted it could have produced a favorable opinion and outcome at sentencing. Such hypothesizing is insufficient to establish prejudice.

---

[45] Dkt. 78 at 3.

[46] *Id.* at 4–5.

[47] *Id.*

[48] *Strickland*, 466 U.S. at 694.

[49] *Duncan v. Ornoski*, 528 F.3d at 1246.

[50] *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997)

Therefore, Weis has failed to demonstrate that he was prejudiced by trial counsel's decision to forgo a psycho-sexual evaluation before sentencing.[51] Accordingly, he has failed to show ineffective assistance of counsel and is not entitled to relief under § 2255.

## V. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") is required to appeal a petition brought under 28 U.S.C. § 2255.[52] Under the Federal Rules Governing § 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[53] Where a petitioner makes "a substantial showing of the denial of a constitutional right," a COA should be issued.[54] This standard requires that the petitioner "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further."[55] Weis' petition does not meet this standard. Weis' has failed to argue that had a psycho-sexual evaluation been conducted, the outcome at sentencing would have been different. Accordingly, the Court declines to issue a certificate of appealability in this action.

---

[51] Because Weis has failed to establish the prejudice element under *Strickland*, the Court need not and does not make any findings on whether trial counsel's performance was deficient. *See Pizzuto*, 280 F.3d at 955.

[52] 28 U.S.C. § 2253(c)(1)(B); *United States v. Asrar*, 116 F.3d 1268, 1269 (9th Cir. 1997).

[53] Rules Governing § 2255 Proceedings, Rule 11(a).

[54] 28 U.S.C. § 2253(c)(2).

[55] *United States v. Greene*, No. 3:09-CR-00053-1-TMB, 2015 WL 13670726, at *1 (D. Alaska Apr. 14, 2015) (quoting *Muth v. Fondren*, 676 F.3d 815, 822–23 (9th Cir. 2012)).

## VI. CONCLUSION

For the foregoing reasons, Weis' Motion at docket 54 is **DENIED**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 15th day of April, 2020.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

10

Case 3:17-cr-00075-TMB   Document 79   Filed 04/15/20   Page 10 of 10